IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MY ENERGY MONSTER, INC.,

       Plaintiff,                              CASE NO. 8:20-cv-02548

v.

DANIEL J. GAWRYCH and
LUNEX POWER INC.,

       Defendants.
_____/

## MOTION TO SEAL

      Plaintiff My Energy Monster, Inc. ("Energy Monster"), through its attorneys Bressler, Amery & Ross, P.C., pursuant to Local Rule 1.09, respectfully moves this Court for entry of an Order allowing it to file under seal the unredacted copies of the exhibits that were attached to its Emergency Motion for Preliminary Injunction [DE 005]. Energy Monster has conferred with counsel for Defendants Daniel J. Gawrych ("Gawrych") and Lunex Power, Inc. ("Lunex Power") and states as follows:

      1.      A party seeking to seal materials must file a motion to seal that includes: (1) an identification and description of each item proposed for dealing: (2) the reason that filing each item is necessary; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) the proposed duration of the seal; and (6) a memorandum of legal authority supporting the seal. M.D. Fla. L.R. 1.09.

      2.      As shown below, Energy Monster has met each of these requirements.

6075328_1

I.  **Items Proposed for Sealing**

3.  Energy Monster seeks to file under seal the unredacted copies of the following documents that were attached to its Emergency Motion for Preliminary Injunction [DE 005]:

   a. A true and accurate copy of the September 18, 2020, email where Gawrych listed himself as "owner/point of contact" in at least three Energy Monster projects for SRECTrade credits that was attached as **Exhibit A**.

   b. A true and accurate copy of the September 15, 2020 email where Gawrych ordered supplies on behalf of Energy Monster that was attached as **Exhibit B**.

   c. A true and accurate copy of the September 12, 2020 email where Gawrych forwarded Energy Monster client account/customer lists, including two excel spreadsheets, entitled "Customers (3)" and "Customers (4)" from his Energy Monster Energy company email account to dan@lunexpower.com," his email account for Lunex Power, that was attached as **Exhibit C**.

   d. A true and accurate copy of the September 14, 2020 email where Gawrych emailed EM Customers with the subject line, "Hi its Dan from Energy Monster," that was attached as **Exhibit D**.

   e. A true and accurate copy of the September 12, 2020 email where Gawrych forwarded National Grid Bills for one EM Customer to dan@lunexpower.com. that was attached as **Exhibit E**.

   f. A true and accurate copy of the September 12, 2020 email where Gawrych forwarded Energy Monster's financing for solar panel systems and batteries to dan@lunexpower.com. that was attached as **Exhibit F**.

g. A true and accurate copy of the September 12, 2020 email where Gawrych forwarded a screenshot of "redline prices" to dan@lunexpower.com. that was attached as **Exhibit G**.

h. A true and accurate copy of the September 12, 2020 email where Gawrych forwarded an email exchange regarding a prospective Energy Monster contract to dan@lunexpower.com. that was attached as **Exhibit H**.

i. A true and accurate copy of the September 12, 2020 email where Gawrych forwarded Energy Monster's login information for the City of Davenport's Contractor Portal to dan@lunexpower.com that was attached as **Exhibit J.**

j. A true and accurate copy of the September 12, 2020 email where Gawrych forwarded correspondence dated July 17, 2020 from the Collier County Government regarding an incomplete re-submittal notice for "installation of home backup battery and solar electric modules panels on roof" to dan@lunexpower.com that was attached as **Exhibit K**.

k. A true and accurate copy of the disbursement form from Fortifi, listing Energy Monster as the Account, with Gawrych's Bank of America information for the wire and dan@lunexpower.com as the contact information that was attached as **Exhibit L**.

l. A true and accurate copy of the September 17, 2019 email demonstrating an Energy Monster PayPal account using Energy Monster and Joshua Leet, Energy Monster's President, in the description of the PayPal account, that was attached as **Exhibit M**.

  m. A true and accurate copy of the September 15, 2020 email regarding Gawrych collected supplies that was attached as **Exhibit N**.

  n. A true and accurate copy of the September 12, 2020 email demonstrating a change in the password for the login information for Energy Monster's DocuSign account that was attached as **Exhibit O**.

**II.** **Filing is Necessary to Fully Understand Gawrych's Misconduct**

4. While employed at Energy Monster and deceiving the company that he was working for its benefit, Gawrych secretly formed and incorporated his own company, Lunex Power, a direct competitor of Energy Monster, in May 2020. From May 2020 until his resignation on September 11, 2020, Gawrych disloyally and surreptitiously worked for the benefit of Lunex Power and to the detriment of Energy Monster by engaging in a coordinated campaign of outright theft of Energy Monster's money, owed funds, and property, which he continues to use and deplete; misappropriating and using its proprietary confidential information; sabotaging online company services by locking Energy Monster out of its own accounts, falsely misrepresenting himself to EM customers and the public as an Energy Monster employee after leaving the company to facilitate his deception and trade off of the company's established goodwill; and defaming Energy Monster to its customers in focused email solicitations. And then, because he was well aware of his wrongdoing, he tried to cover-up his egregious misconduct by destroying evidence and deleting his e-mails. See Verified Complaint. at ¶ 10.

5. Filing the unredacted copies of the exhibits is necessary because it will allow the Court to fully understand the scope of Gawrych's misconduct. While employed at Energy Monster, Gawrych had access to confidential and propriety information ("Confidential Information"), including customer contacts and information and company documents. The unredacted copies of

these documents will demonstrate to the Court that Gawrych stole Confidential Information, including but not limited to Energy Monster's customer lists, potential customer lists, proprietary customer contracts, sensitive pricing and cost information, and proprietary proposals to new potential customers, for the sole purpose of poaching those existing and potential customers for the sole benefit of himself and Lunex Power. *Id.* at ¶ 11.

### III. Sealing is Necessary and Reasonable to Protect Energy Monster's Confidential and Proprietary Information

6. As stated *supra*, Gawrych has misappropriated Energy Monster's Confidential Information. The unredacted copies of these documents contain confidential and proprietary information regarding the nature of Energy Monster's business and its customers.

7. Specifically, the customer lists that Gawrych misappropriated from Energy Monster included the following confidential information for hundreds of Energy Monster's accounts/customers:

   a. Customer names;
   b. Addresses;
   c. Telephone numbers; and
   d. Emails.

8. Gawrych's conduct also independently harmed Energy Monster customers. Particularly, Energy Monster customers have privacy and ownership interests in their own data which was violated by Gawrych's misappropriation of that data. *Id.* at ¶¶ 41-42.

9. This information is highly sensitive and proprietary to Energy Monster. If obtained by a competitor or if publicly disclosed, it could be used to unfairly compete against Energy Monster or destroy Energy Monster's competitive advantage in the industry, therefore, Energy Monster has a legitimate private interest in preventing disclosure of such information.

10. Additionally, Energy Monster customers have a legitimate privacy interest in preventing disclosure of their confidential information.

11. The only method to protect Energy Monster and its customer's legitimate private interest in protecting against the disclosure of its confidential and proprietary commercial information is to seal the unredacted copies of the exhibits relevant to this proceeding.

### IV.  Proposed Duration of the Seal

12. Energy Monster proposes that the Court maintain these documents under seal for the duration of this lawsuit, and if an appeal is taken, for the duration of that appeal as well. Good cause exists to extend the typical one-year limit on a seal because of the nature of the confidential and proprietary information regarding Energy Monster's business and its customers.

### V.  Memorandum of Law in Support of Permitting Documents to be Filed Under Seal

13. In evaluation a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. See *Romero v. Drummond Co., Inc.*, 480 F. 3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). Courts consider whether allowing access would impair court functions or harm legitimate privacy interests the degree and likelihood of injury of made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing documents. *Romero*, 480 F.3d at 1246. The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246; *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-Orl-40TBS, 2017 U.S. Dist. LEXIS 72511 (M.D. Fla. May 12, 2017) (granting motion to

seal parts of a motion for sanctions, including an e-mail thread that contained customer names and other confidential business information).

## CONCLUSION

WHEREFORE, Plaintiff My Energy Monster, Inc. respectfully requests that the Court enter an Order permitting it to file under seal the unredacted copies of the exhibits to its Emergency Motion for Preliminary Injunction and that the Court maintain such documents under seal for the duration of this lawsuit, including any appeal.

### Local Rule 3.01(g) Certification

Prior to filing this motion, counsel for Plaintiff My Energy Monster, Inc. conferred with counsel for Defendants Daniel J. Gawrych and Lunex Power, Inc. on the substance of this motion and they have indicated that they do not oppose the relief requested herein.

Dated: November 6, 2020

By: *s/ Lauren Fenton-Valdivia*
Lauren Fenton-Valdivia, Esq.
Florida Bar No. 1020702
Jacqueline Aleman, Esq.
Florida Bar No. 1003833
BRESSLER, AMERY & ROSS, P.C.
200 East Las Olas Blvd.
Suite 1500
Fort Lauderdale, FL 33301
Phone: (954) 499-7979
Fax: (954) 499-7969
lfvaldivia@bressler.com
jaleman@bressler.com
*Attorneys for Plaintiff Energy Monster, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on this 6th day November, 2020. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notice of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel who are not authorized to receive electronically Notice of Electronic Filing.

*/s/ Lauren Fenton-Valdivia*
Lauren Fenton-Valdivia, Esq.